IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAIIAN PUMPING SPECIALIST LLC, A HAWAII LIMITED LIABILITY COMPANY,<br><br>      Plaintiff,<br><br>  vs.<br><br>K.R.T. LLC, A VIRGINIA CORPORATION, ET AL.,<br><br>      Defendants. | CIVIL NO. 14-00409 LEK-RLP<br><br>FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AND TO GRANT IN PART AND DENY IN PART DEFENDANT K.R.T. LLC'S MOTION TO ENFORCE SETTLEMENT |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND
DENY IN PART PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT
AND TO GRANT IN PART AND DENY IN PART DEFENDANT
K.R.T. LLC'S MOTION TO ENFORCE SETTLEMENT[1]

Both parties have filed Motions to Enforce Settlement in the instant case and request an award of attorneys' fees. Plaintiff's Motion to Enforce Settlement was filed on December 19, 2014 ("Plaintiff's Motion"). ECF No. 20. Defendant K.R.T. LLC ("KRT") filed its Opposition on January 8, 2015. ECF No. 24. Plaintiff filed its Reply on January 15, 2015. ECF. 28. Defendant KRT filed its Motion to Enforce Settlement on December 24, 2014 ("Defendant KRT's Motion"). ECF No. 22. Plaintiff

---

[1] Within fourteen (14) days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

filed its Opposition on January 8, 2015. ECF No. 27. Defendant KRT filed its Reply on January 16, 2015. ECF No. 30.

This matter came on for hearing before the Court on January 29, 2015, at 10:00 a.m. Paul Herrán, Esq. appeared on behalf of Plaintiff, and Sharon A. Lim, Esq. and Michael C. Carroll, Esq. appeared on behalf of Defendant KRT. After careful consideration of the Motions, the supporting and opposing memoranda, declarations and exhibits attached thereto, the arguments of counsel, and the record established in this action, the Court FINDS AND RECOMMENDS that Plaintiff's Motion be GRANTED IN PART AND DENIED IN PART and Defendant's Motion be GRANTED IN PART AND DENIED IN PART.

## BACKGROUND

Plaintiff filed its Complaint in the Circuit Court of the First Circuit, State of Hawaii on July 24, 2014, against Defendants for breach of contract, asserting $88,199.95 in damages. ECF No. 1-1. Defendant KRT removed the case to this court on September 10, 2014. ECF No. 1. On October 20, 2014, Defendant KRT sent a letter to Plaintiff with an initial settlement offer. ECF No. 22-4 at 6. Along with this letter, Defendant KRT delivered a check in the amount of $23,325.40 to Plaintiff's counsel, which Defendant KRT stated was the amount owed under the original scope of the agreement. Id. On November 13, 2014, Defendant KRT sent Plaintiff's counsel an email

inquiring whether Plaintiff had made a decision on its latest settlement offer. ECF No. 22-3 at 1. Plaintiff's counsel responded, "Our client has agreed to accept your client's offer of $49,500.00 inclusive of the amounts already paid, in settlement of this case." Id. Plaintiff's counsel then confirmed that Plaintiff agreed to "moving all of the dates off calendar" and requested that "the balance of the settlement money [be] paid to the Mark T. Shklov Client Trust Account." Id. Plaintiff's counsel also requested that Defendant KRT's counsel take the lead on drafting the written settlement agreement. Id.

On November 24, 2014, Plaintiff's counsel sent an email to Defendant KRT's counsel checking on the status of the written settlement agreement. ECF No. 24-4 at 1. Defendant KRT's counsel responded, requesting documentation on certain pumping equipment, a subject of the parties' original breach of contract dispute. Id. Defendant KRT asserted that the government had requested the information. Id.

On December 8, 2014, Defendant KRT sent an email stating that it had asked Plaintiff several times for information regarding the pumping equipment to substantiate the settlement amount. ECF No. 20-4 at 2. Defendant KRT then proposed reducing the negotiated amount to $45,265.40. Id. On the same day, Plaintiff's counsel informed Defendant KRT's counsel that he would be withdrawing from the case and that new counsel would be

taking over.  Lim Decl. ¶ 13.  On December 9, 2014, Plaintiff's new counsel informed Defendant KRT that Plaintiff would not be providing Defendant KRT with the requested information.  Id. at ¶ 14; ECF No. 22-1 at 3.

On December 15, 2014, Plaintiff's counsel sent Defendant KRT's counsel an email stating that if the written settlement agreement was not received by December 16, 2014, Plaintiff would file a motion to enforce settlement.  ECF No. 22-9 at 1.  Plaintiff's previous counsel then filed a Notice of Attorney's Lien for Unpaid Attorney's Fees, Costs, and Interest on December 17, 2014.  ECF No. 18.  On December 18, 2014, Defendant KRT emailed Plaintiff a draft of the written settlement agreement ("Draft Written Settlement Agreement").  Defendant KRT's counsel stated in the email that Defendant KRT would also like to resolve the pending attorney's lien because pursuant to Hawaii Revised Statutes section 507-81(h), Plaintiff's ability to dismiss the case could be hindered until the lien was fully satisfied.  ECF No. 24-7 at 1.

The Draft Written Settlement Agreement provides that Defendant KRT will pay $49,500.00, inclusive of the $23,325.40 already paid by Defendant KRT.  The Draft Written Settlement Agreement required Defendant KRT to pay Plaintiff the remaining balance of $26,174.60 within 90 calendar days of the Effective Date, December 18, 2014.  ECF No. 24-6 at 2.  Plaintiff objected

4

to the term regarding payment within 90 days.  Decl. of Paul Herrán ("Herrán Decl.") ¶ 9.  In response, on December 19, 2014, Defendant KRT's counsel sent Plaintiff's counsel an email stating that Defendant KRT would not agree to make payment simultaneously with the signing of the written Settlement Agreement because the term was not reasonable.  ECF No. 22-9 at 1.  Defendant KRT's counsel asserted there was "no demand when the settlement amount was agreed to that payment would be immediate."  Id.  Defendant KRT's counsel also contended that Plaintiff had refused to cooperate in providing information so that payment could be made by the government and that the attorney's lien made it questionable whether Plaintiff had "the ability to even honor the settlement agreement" because of Hawaii Revised Statutes section 507-81(h).  Id.  Defendant KRT then stated, "demand is hereby made that HPS agree to the terms of the settlement with payment within 60-days and further agrees to resolve the charging lien so that dismissal can be effective."  Id.

Plaintiff filed Plaintiff's Motion the next day.  Defendant KRT's Motion followed on December 24, 2014.  The parties do not dispute the existence of a settlement agreement.  The only issue in dispute is the timing of the payment of the settlement amount.  Plaintiff asserts that payment of the settlement was never conditioned on any delay following the signing of the written Settlement Agreement.  ECF No. 20-1 at 3;

5

Herrán Decl. ¶ 10. Plaintiff argues that "[p]ayment was always understood to be simultaneous with entering into the agreement." Id. Defendant KRT contends that the parties never discussed or agreed to immediate payment of the settlement amount upon execution of the written Settlement Agreement, nor is there any evidence indicating that the settlement was conditioned upon immediate payment. Lim Decl. ¶¶ 11, 17. Defendant KRT argues that requiring payment within 60 days of the execution of the Settlement Agreement is reasonable. ECF No. 22 at 2.

DISCUSSION

"In reviewing actions for compliance with settlement agreements, this court applies normal principles of contract law." Makua v. Gates, No. CIV. 09-00369 SOM, 2011 WL 4625699, at *8 (D. Haw. Sept. 30, 2011). "[T]he construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." O'Neil v. Bunge Corp., 365 F.3d 820, 822 (9th Cir. 2004) (internal quotation marks omitted) (citations omitted). Accordingly, the Court will construe the settlement agreement according to principles of Hawaii contract law. Onewest Bank, FSB v. Farrar, No. CIV NO 12-00108 ACK, 2013 WL 6175321, at *7 (D. Haw. Nov. 19, 2013).

To determine the validity of a settlement agreement, the court looks to the totality of the circumstances surrounding

the making of the agreement.  <u>Assocs. Fin. Servs. Co. of Haw.,
Inc. v. Mijo</u>, 950 P.2d 1219, 1229 (Haw. 1998).  In order to be
enforceable, a settlement agreement must have the traditional
elements of a contract: offer and acceptance, consideration, and
parties who have the capacity and authority to enter into the
agreement.  <u>Amantiad v. Odum</u>, 977 P.2d 160, 169 (Haw. 1999).  In
addition, there must be mutual assent or a meeting of the minds
on all essential elements or terms of the contract.  <u>Douglass v.
Pflueger Haw., Inc.</u>, 135 P.3d 129, 140 (Haw. 2006).  Although "a
court will not enforce a contract unless it is sufficiently
certain and definite," whenever possible, "a court shall construe
an agreement so as to carry the parties' intentions into
effect[.]"  <u>Hi-Pac, Ltd. v. Avoset Corp.</u>, 26 F. Supp. 2d 1230,
1235 (D. Haw. 1997) (citing <u>In Re Application of Sing Chong Co.</u>,
617 P.2d 578, 581 (Haw. App. 1980)).

**A.   The November 13, 2014 Settlement**

The Court finds that the traditional elements of a
contract were present in the November 13, 2014 email between
counsel.  The correspondence between the parties' counsel evince
that there was an offer by Defendant KRT, acceptance by
Plaintiff, and consideration as reflected by Defendant KRT's
agreement to pay Plaintiff the remainder of the $49,500.00
settlement, and Plaintiff's agreement to settle the case.  <u>See</u>
ECF No. 20-2 at 2-3.  In addition, there is no evidence that the

7

parties did not have the capacity and authority to enter into the settlement agreement. Indeed, the parties do not dispute the existence of an enforceable settlement agreement. Notwithstanding, the Motions before the Court reflect that the settlement agreement lacked mutual assent on one term of the contract, namely, the time for payment. The parties do not disagree on the settlement amount or any other terms of the written Settlement Agreement.

The Court finds that there is no evidence suggesting that at the time the agreement was entered into, the parties discussed the time for payment. Accordingly, the settlement agreement lacked mutual assent on the time for payment. Time for payment, however, is not an "essential" term of a contract. "[W]here there is no provision as to the time for performance, a reasonable time is implied, to be determined upon consideration of the subject matter of the contract, the situation of the parties, what was contemplated at the time the contract was made, and other surrounding circumstances." See City & Cnty of Honolulu v. Kam, 402 P.2d 683, 687 (Haw. 1965) (concluding that 30 days was a reasonable time to pay the agreed amount in the absence of a "time for performance" provision in the "compromise agreement"); see also Bishop Trust Co. v. Kamokila Dev. Corp., 555 P.2d 1193, 1196 (1976) ("The agreement did not provide a time for performance of the development, and must be read as requiring

that performance be commenced within a reasonable time."). Accordingly, although the time for payment was not sufficiently certain and definite in the parties' agreement in the instant case, the Court will determine a reasonable time for payment so as to carry the parties' intentions of settling the case into effect. See In Re Application of Sing Chong Co., 617 P.2d at 581.

**B. The Parties' Arguments Regarding Reasonable Time For Payment**

**1. Plaintiff's Arguments**

Plaintiff contends that payment "was understood to be simultaneous with payment." Id. Plaintiff argues that Defendant KRT proposed delaying time for payment for the first time when it sent the Draft Written Settlement Agreement. ECF No. 20 at 3. Plaintiff's counsel states, "[a]t no point during the previous settlement negotiations was the payment understood to occur sometime after entering into the settlement agreement. . . . payment of the settlement was never conditioned on any delay following the signing of the settlement agreement." ECF No. 20-1 at 3, Herrán Decl. ¶ 10. Defendant KRT argues that immediate payment is unreasonable as this term had not been discussed or requested when the settlement amount was agreed upon, and "because a standard term in settlement agreements is that payment is to be made within a certain period of time following the

9

execution of the agreement." ECF No. 24 at 5. The Court agrees. The Court finds that there is no evidence suggesting that immediate payment of the settlement agreement was agreed upon at the time the settlement amount was made or that the settlement agreement was conditioned upon immediate payment. Immediate payment upon the execution of a settlement agreement ignores the reality of business practices, which require time to authorize and process signatures, and to deliver payment. Accordingly, the Court RECOMMENDS that Plaintiff's Motion be DENIED to the extent Plaintiff requests that time of payment be "simultaneous" with the execution of the Settlement Agreement.

### 2. Defendant KRT's Arguments

Defendant KRT contends that payment within 60 days is a reasonable period of time under the circumstances for the following reasons: (1) "[A] charging lien has been filed by Plaintiff's prior counsel that Plaintiff must resolve"; (2) "KRT has already paid Plaintiff $23,325.40 under the settlement"; (3) "KRT reasonably needed time to comply with its obligations"; and (4) "KRT and [Plaintiff] needed to cooperate with the government for payment." ECF No. 22-1 at 8.

First, Plaintiff's prior counsel filed a charging lien after the parties had entered into the settlement. The attorney's lien was filed on December 17, 2014. Pursuant to Hawaii Revised Statutes section 507-81:

> Except as provided by subsections (i) and (j), a
> party to the action, suit, or proceeding or any
> other person shall not have the right to discharge
> or dismiss any judgment, decree, order,
> settlement, or award entered in the action, suit,
> or proceeding until the lien and claim of the
> attorney for fees based thereon is satisfied in
> full.

Haw. Rev. Stat. § 507-81(h). A term of the Draft Written Settlement Agreement requires Plaintiff to "fully, completely, and finally release and forever discharge" Defendant KRT from and against any all claims. ECF No. 24-6 at 2. Because of the attorney's lien, pursuant to 507-81(h), it is clear that the parties must address the attorney's lien to resolve this case.

Second, Defendant KRT's second and third reasons are also unpersuasive. Defendant KRT fails to explain why its prior payment to Plaintiff justifies 60 days as a reasonable time for payment. It appears Defendant KRT may be asserting that because of this prior payment, it needed more time to gather payment as evidenced by its second contention that "KRT reasonably needed time to comply with its obligations"; however, Defendant KRT failed to assert this need until it filed its Motion. Its correspondence to Plaintiff, in fact, suggests that Defendant KRT was able and willing to make a payment to Plaintiff if Plaintiff would re-negotiate the settlement amount. In a December 8, 2014 email, Defendant KRT's proposed reducing the previously negotiated settlement amount and indicated that her client was ready to send the check, stating: "Please confirm that this is

acceptable so that our client may send the final check and we may expeditiously conclude this matter." ECF No. 20-4. Accordingly, there is no evidence that Defendant KRT needed additional time to comply with its payment obligation to Plaintiff.

Finally, the Court is unable to ascertain why cooperation with the government for payment has any bearing on Defendant KRT's ability to pay Plaintiff. Defendant KRT did not raise the issue of government reimbursement with Plaintiff until eleven days after the settlement had already been entered into. In addition, Plaintiff has declined to produce the requested information; however, Defendant KRT has nonetheless agreed to pay the settlement amount without such information. See ECF No. 20-6 at 2. Two days after attempting to renegotiate the settlement amount, Defendant KRT's counsel sent another email to Plaintiff's counsel admitting that while Defendant KRT had expected Plaintiff to have the information it requested, there was "a settlement for the prior agreed amount." ECF No. 20-6 at 2. Accordingly, Defendant KRT's assertion that a 60-day time for payment is reasonable because Defendant KRT needed to cooperate with the government, is unpersuasive. The Court FINDS that 60 days, without sufficient reasons, is not a reasonable time for payment of the settlement entered into by the parties and RECOMMENDS that Defendant KRT's Motion be DENIED to the extent that Defendant KRT requests 60 days as a reasonable time for payment.

C.  **Reasonable Time for Payment**

The Court FINDS that, based on the subject matter of the contract, the situation of the parties, what was contemplated at the time the contract was made, and other surrounding circumstances, a reasonable time for payment is no later than February 27, 2015, and RECOMMENDS that Defendant KRT be required to pay the remainder of the settlement amount to Plaintiff no later than February 27, 2015.

D.  **Attorney's Fees**

Both parties request attorneys' fees based on the "Attorneys' Fees and Costs" provision of the Draft Written Settlement Agreement.  The provision states:

> The Parties agree to be responsible for the payment of their own attorneys' fees, costs, and expenses in connection with the subject matter of this Agreement.  The Parties further agree that in the event of any litigation relating to the subject matter of this Agreement, or any proceeding to enforce any provision of this Agreement, the prevailing party shall be entitled to recover its reasonable attorneys' fees and costs.

ECF No. 24-6 at 4.  The Court FINDS that neither party is the "prevailing party" in these cross-motions to enforce and RECOMMENDS that the district court DENY both parties' request for attorneys' fees and costs.

## Conclusion

In accordance with the foregoing, the Court FINDS AND RECOMMENDS that (1) Plaintiff's Motion to Enforce

Settlement be GRANTED IN PART AND DENIED IN PART, and (2) Defendant's Motion to Enforce Settlement be GRANTED IN PART AND DENIED IN PART.  The Court FINDS that a reasonable time for payment is no later than February 27, 2015, and RECOMMENDS that Defendant KRT be required to pay the remainder of the settlement amount to Plaintiff no later than February 27, 2015.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JANUARY 29, 2015.



_____
Richard L. Puglisi
United States Magistrate Judge

**HAWAII PUMPING SPECIALIST LLC. V. K.R.T. LLC; CIVIL NO. 14-00409 LEK-RLP; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AND TO GRANT IN PART AND DENY IN PART DEFENDANT K.R.T. LLC'S MOTION TO ENFORCE SETTLEMENT**